IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2003

## GARY WALLACE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-02-70     Roy B. Morgan, Judge**

---

**No. W2002-01832-CCA-R3-PC  - Filed June 26, 2003**

---

The Appellant, Gary Wallace, seeks review of the post-conviction court's dismissal of his petition for post-conviction relief, pursuant to the Tennessee Post-Conviction DNA Analysis Act of 2001 and the court's refusal to permit him to reopen his 1994 petition for post-conviction relief. After review, the judgment of the trial court is affirmed in both respects.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Michael D. Rasnake, Jackson, Tennessee, for the Appellant, Gary Wallace.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

The Appellant is currently serving a life sentence in the Department of Correction as a result of his conviction for armed robbery in 1985. On direct appeal, this conviction was affirmed. *State v. Gary Wallace*, 1985 Tenn. Crim. App. LEXIS 2962 (Tenn. Crim. App. at Jackson, Dec. 4, 1985), *perm. to appeal denied,* (Tenn. 1986). In 1994, the Appellant's petition for post-conviction relief was dismissed and, on appeal, this court affirmed the lower court's ruling. *State v. Gary Wallace*, No. 02C01-9404-CC-00084 (Tenn. Crim. App. at Jackson, Mar. 22, 1995), *perm. to appeal denied*, (Tenn. 1995). In July 2001, the Appellant's efforts to reopen his 1994 post-conviction petition were denied. On appeal, this court affirmed. *Gary Wallace v. State*, No. W2001-02418-CCA-R3-PC

(Tenn. Crim. App. at Jackson, July 23, 2002). On March 1, 2002, the Appellant filed the current petition for post-conviction relief, pursuant to the Post-Conviction DNA Analysis Act of 2001, seeking to have physical evidence, namely a gun and a ski mask, submitted for DNA testing in order to prove his innocence.

## Analysis

The Post-Conviction DNA Analysis Act of 2001 provides as follows:

> [A] person convicted and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offenses of these offenses, or, at the discretion of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-403 (Supp. 2002). Under the Act, four prerequisites must exist before the trial court may order DNA analysis of evidence. The prerequisite at issue in the case before us is that "[t]he evidence is still in existence and in such a condition that DNA analysis may be conducted." Tenn. Code Ann. §§ 40-30-404(2), -405(2) (Supp. 2002).

At the post-conviction hearing, the Appellant and the State agreed that the evidence sought to be submitted for DNA testing was destroyed pursuant to a trial court order dated August 5, 1987. This order followed the supreme court's 1986 denial of the Appellant's application for permission to appeal this court's affirmance of his armed robbery conviction. Clearly, dismissal of the Appellant's petition under this Act was statutorily authorized because there was no evidence to analyze. Upon being advised by the post-conviction court that the petition would be dismissed, the Appellant requested the court to permit him to reopen his 1994 post-conviction petition pursuant to a provision of the Post-Conviction DNA Analysis Act, which permits the post-conviction court "to make such other orders as may be appropriate." Tenn. Code Ann. § 40-30-411 (Supp. 2002). The Appellant's reading of this section is misplaced. First, Tennessee Code Annotated § 40-30-217 (1997), not the Post-Conviction DNA Analysis Act of 2001, governs the authority to reopen post-conviction proceedings. Moreover, as argued by the State, Tennessee Code Annotated § 40-30-411 simply grants to the trial court the authority to enter orders which may aid in the application of post-conviction proceedings sought under the Post-Conviction DNA Analysis Act. Accordingly, the trial court's refusal to reopen the Appellant's 1994 post-conviction petition was proper.

Notwithstanding dismissal upon the merits of this issue, we also note that the Appellant's motion to reopen was deficient for two reasons. First, the statute provides that "[t]he motion [to reopen] must set out the factual basis underlying its claims and must be supported by affidavit." Tenn. Code Ann. § 40-30-217(b). The Appellant's oral motion failed to comply with these

requirements; thus, it was not properly before the post-conviction court. Additionally, we note that, even had the petition been properly before the court, the Appellant has failed to comply with the requisite appellate procedures when seeking review of the denial of a petition to reopen. In seeking review of a court's denial, a petitioner shall file, *within ten days of the lower court's ruling*, *an application in the Court of Criminal Appeals seeking permission to appeal*. Tenn. Code Ann. § 40-30-217(c) (emphasis added); Tenn. R. Sup. Ct. 28, § 10(B). *The application shall be accompanied by copies of all documents filed by both parties in the trial court and the order denying the motion.* Tenn. Code Ann. § 40-30-217(c) (emphasis added); *see also* Tenn. R. Sup. Ct. 28, § 10(B). An appeal as of right, which was pursued in this case, is not available for review of a lower court's denial of a motion to reopen a petition for post-conviction relief. Tenn. R. App. P. 3(b); *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App. at Jackson, Mar. 23, 2000).

## CONCLUSION

Based upon the foregoing, the Madison County Circuit Court's denial of the Appellant's petition for post-conviction relief under the Post-Conviction DNA Analysis Act of 2001 and refusal to consider Appellant's motion to reopen his original petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE